IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORACE HARRIOTT, JR., | : |
|     Petitioner | : |
| v. | : CIVIL NO. 3:CV-16-477 |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, ET AL., | : (Judge Conaboy) |
|     Respondents | : |

FILED SCRANTON JUN 0 1 2016 PER ___ DEPUTY CLERK

## MEMORANDUM
### Background

This pro se habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Horace Harriott, Jr., an inmate presently confined at the Benner State Correctional Institution, Bellefonte, Pennsylvania.

Harriott states that on June 16, 1996 he was arrested in Lackawanna County on drug related charges, Docket Number CP-35-CR-000**2184**-1996. He was convicted of those charges on March 7, 1997 in the Lackawanna County Court of Common Pleas and was sentenced to a three to six year term of imprisonment on July 18, 1997. See Doc. 1, ¶ 3.

Petitioner further states that he was arrested in Lackawanna County on December 1, 1996 on separate drug charges, Docket Number CP-35-CR-000**2187**-1996. He was thereafter convicted of those charges and sentenced to a consecutive five to ten year term of incarceration. Harriott's pending action claims

1

entitlement to federal habeas corpus relief on the basis that his March 7, 1997 conviction to Docket Number CP-35-CR-000**2184**-1996. was improperly used to enhance his sentence in Docket Number CP-35-CR-0002**187**-1996. The Petition claims that this enhancement was improper because Harriott was not convicted of the offense underlying Docket Number CP-35-CR-002**184**-1996 prior to committing Docket Number CP-35-CR-0002**187**-1996. See id. at ¶ 7.

## Discussion

The Petitioner previously filed a § 2254 action with this Court which likewise asserted that his March 7, 1997 conviction in Docket Number CP-35-CR-000**2184**-1996. was improperly used to enhance his sentence in Docket Number CP-35-CR-0002**187**-1996. See Harriott v. Pennsylvania Department of Corrections, Civil No. 3:CV-12-2534. By Memorandum and Order dated May 22, 2013, Harriott's prior similar habeas corpus action was dismissed by this Court as being untimely.

28 U.S.C. § 2244(a) and Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive § 2254 habeas corpus petitions may be reviewed by federal district courts. See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009)(§ 2244(a) bars second or successive challenges to the

legality of detention). Rule 9(b) of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3)and (4).

Section 2244(a) provides that no district judge is required to entertain an application for a writ of habeas corpus if the legality of said detention has been determined on a prior habeas corpus application. In addition:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

§ 2244(a)(3)(A)

Harriott clearly filed a prior § 2254 action, Civil No. 3:CV-12-2534, in this district court regarding the same conviction and sentence which is the subject of his pending action. Since the similar claims raised in Chambers' earlier's § 2254 action were addressed, this pending matter is clearly a second or successive petition.

The pending Petition fails to show that Harriott's instant claim fall within the statutory exceptions for pursuing a second or successive habeas corpus petition. There is also no indication that Petitioner has been granted leave to file a second or successive habeas corpus petition by the United States

3

Court of Appeals for the Third Circuit. Given those circumstances, under the standards announced in McCleskey and the requirements set forth in § 2244(a), Harriott's pending case is a second or successive petition which cannot be entertained by this Court.[1] An appropriate Order will enter.[2]

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JUNE 1, 2016

---

[1] It is equally apparent the Petitioner's pending action is alternatively subject to dismissal as being untimely under 28 U.S.C. § 2244(d) for the same reasons set forth by this Court's May 22, 2013 decision in Civil No. 3:CV-12-2534.

[2] Petitioner if he so chooses may file an application for leave to file a second or successive habeas corpus petition with the United States Court of Appeals for the Third Circuit.

4